IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FRANCES A. BROWN                                                 PLAINTIFF

V.                         NO. 4:04CV00321 JWC

JO ANNE B. BARNHART,                                     DEFENDANT
Commissioner, Social
Security Administration

## **MEMORANDUM OPINION AND ORDER**

Plaintiff appeals from the Commissioner's decision denying her claims for disability insurance benefits and supplemental security income. The Court's function on review is to decide whether the Commissioner's determination is supported by substantial evidence on the record as a whole. The Court must also review for legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. The Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

At the time of the Administrative Law Judge's (ALJ) decision, Plaintiff was 55 years of age with a high school education. Her relevant work experience includes employment as a sheltered workshop aide, a teacher's aide, and a senior activity site aide. She claims disability due to diabetes that is hard to control, diabetic neuropathy in her legs and feet, hypoglycemia, hypertension, arthritis of the left shoulder, chronic plantar fasciitis of the

right foot,[1] severe eye problems, and ongoing depression. (Pl.'s Br. 2.)

To analyze Plaintiff's claim, the ALJ used the required five-step sequential evaluation. *See* 20 C.F.R. § 404.1520, § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). The analysis proceeded to step four, with the ALJ finding that Plaintiff could perform her past relevant work.

At step one the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date, June 25, 2001. (Tr. 24.) She had worked for four and one-half months after that date, but because she worked less than six months, the ALJ did not consider the work as substantial gainful activity.

At step two the ALJ found that she had "severe" impairments from diabetes, arthritis of the left shoulder, and chronic plantar fasciitis of the right foot. However, he determined that her mental impairment was not severe. He felt that her depression was situational due to marital and other problems, that it did not limit her activities of daily living and concentration and only mildly limited her social functioning. She had not experienced any extended episodes of decompensation or deterioration. Further, she did not have a documented history of depression which caused her to experience repeated episodes of decompensation or would cause her to decompensate with any additional stress. Finally, she did not require a highly supportive living arrangement to function as a result of her depression, nor was she completely unable to leave her home. *Id.*

At step three the ALJ determined that the impairments or combination of impairments did not meet the requirements for any listing.

---

[1] Plantar fasciitis is an inflammatory condition that causes intense heel pain. The main cause is overstretching the plantar fascia ligament, the muscle that stretches from the heel to the ball of the foot and also supports the foot's arch.

The ALJ found that Plaintiff had the residual functional capacity (RFC) for a wide range of light work which required her to lift, carry, push or pull no more than twenty pounds occasionally and ten pounds frequently with only occasional overhead work; and to sit, stand or walk up to six hours each in an eight-hour day, with occasional stooping, crouching, crawling, and kneeling, but no climbing of ladders, ropes or scaffolds or work around hazards. The ALJ made a credibility analysis pursuant to the guidelines set forth in *Polaski v. Heckler*, 751 F.2d 1320, 1322 (8th Cir. 1984) and found Plaintiff's testimony regarding her subjective complaints not fully credible. At step four the ALJ found that the Plaintiff could perform her past relevant work as a sheltered workshop aide, teacher's aide, and senior citizens site aide. *Id.*

The Plaintiff argues 1) that the record should have been developed more thoroughly as to the severity of her vision problems and how it affects her on a daily basis; 2) that the records from Counseling Associates should have been obtained as well as more specific testimony as to the extent of her depression and how it affects her on a daily basis; 3) that, due to her depression, a consultative psychological evaluation should have been ordered by the ALJ; and, 4) that the fact that she can, at times, do her laundry, wash dishes, iron clothes, and do other common household chores, should have been more accurately qualified by Plaintiff's pain, depression, and diabetic limitations. (Pl.'s Br. 2-3.) She argues the failure to do so rendered the credibility analysis invalid.

It is well settled that Plaintiff has the burden of proving her disability by establishing a physical or mental impairment lasting at least twelve months that prevents her from engaging in any substantial gainful activity. *Ingram v. Chater*, 107 F.3d 598, 601 (8th Cir. 1997); *see* 42 U.S.C. § 423(d). The ALJ does not have an investigative duty to further develop the record, when, as here, there are reports from physicians, and there is other

3

evidence concerning Plaintiff's conditions such that the ALJ can make an informed decision regarding their impact, if any. *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as Plaintiff's counsel, but only to develop a reasonably complete record).

<u>Alleged Vision Problems</u>

While the ALJ has a duty to fully and fairly develop the record, the ALJ does not have to discuss every piece of evidence presented. *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993). An examination of the record reveals that Plaintiff did not meet her burden introducing evidence that would put the ALJ on notice that further development was necessary and did not meet her burden of proof that she had any vision problems that would preclude her from performing her past work. The record contained sufficient information for the ALJ to make an informed decision on this issue. The record shows that Plaintiff's eye examinations did not reveal any diabetic changes, and her corrected vision was 20/30 in both eyes in March 2001. (Tr. 205.) Her eyes had sharp discs[2] in November 2001. (Tr. 128.) In July 2002, her vision was 20/25 and 20/30, and no diabetic changes were noted. (Tr. 204.) Nor did physicians find any diabetic changes in November 2002. (Tr. 215.)

<u>Depression</u>

Plaintiff's argument that the records from Counseling Associates should have been obtained as well as more specific evidence as to the extent of her depression and how it affects her on a daily basis is also without merit. At the outset, it is important to note that

---

[2] This a normal finding. The optic discs are sharp in the normal eye. If they appear fuzzy, this is an indication of a problem. *See, The Eye Examination*: Appendix. http://courses.washington.edu/medicm/benchmarks/A05eyeappendix.pdf

Plaintiff did not allege mental impairment in her application (Tr. 74), nor did she stop working due to any mental limitations or function (Tr. 19).  *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to assert depression as a basis for disability is significant, even if the evidence of depression is later developed).

At the December 10, 2002, administrative hearing, the ALJ granted Plaintiff's prior counsel 30 days to obtain the records from Counseling Associates and told her to let him know if she needed extra time . (Tr. 267-68.)  Plaintiff's prior counsel submitted additional evidence in the form of pay stubs from her work activity between April and August 2002, but apparently chose not to submit any medical records nor request additional time.  (Tr. 291-92.)  The ALJ did not submit his decision until more than five months after the hearing, giving Plaintiff ample time to submit additional evidence.  (Tr. 25.)  Nor did Plaintiff's prior counsel submit any additional records to the Appeals Council.  (Tr. 42.)

The ALJ determined that her depression was situational and not severe within the meaning of the Social Security Act. (Tr. 20.)  Plaintiff's mental complaints centered around problems at home, saying her husband was controlling and possessive.  (Tr. 20, 269.)  Plaintiff is not entitled to receive Social Security disability for these situational stressors. *Dunahoo* at 1037.  In March 2001, Plaintiff reported ongoing stress at home and work which was improving.  (Tr. 130.)  In November 2001, she complained of being depressed over losing her job, but she was alert and oriented clinically.  (Tr. 128.)  In September 2002, it was again noted that her anxiety occurred because of dealings with her husband. (Tr. 217.)  She testified that her husband had picked her up and slammed her against the floor. (Tr. 266.)  She also testified that her husband did not want her to work and had only permitted her to work at jobs where there were no men around.  (Tr. 286-87.)  If Plaintiff failed to work for reasons other than her health, she is not disabled withing the meaning

of the Act. That is, if she was not working because she did not want to do a particular type of work or because her husband objected, or if she was simply unable to get work due to a lack of job openings, she would not be considered disabled. *See* 20 C.F.R. §§ 404.1566(c) and 416.966(c).

Plaintiff occasionally received a prescription for Celexa.[3] (Tr. 21.) In March 2001, Dr. Beavers noted that her stress appeared to be improving. (Tr. 130.) Conditions that are controlled with medication are not medically severe. *Wilson v. Chater*, 275 F.3d 722, 725 (8th Cir. 2002). Viewing the evidence as a whole, there is substantial evidence to support the ALJ's finding that Plaintiff's mental impairment was not severe. (Tr. 22.)

The ALJ has broad discretion of whether or not a consultative psychological examination is necessary. *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989) (ALJ not required to order consultative evaluation of every alleged impairment, he simply has the authority to do so as necessary to make an informed decision). In this case, there was sufficient evidence of record for the ALJ to make an informed decision. Further, the ALJ is permitted to issue a decision without obtaining additional evidence when other evidence in the record provides a sufficient basis for the decision. *Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001); *Howard v. Massanari,* 255 F.3d 577, 581 (8th Cir. 2001).

<u>Alleged Inadequate Credibility Determination</u>

In her fourth argument, Plaintiff claims there was no true investigation into the extent of her pain and how it affects her memory, her ability to concentrate, to take work orders and to complete even routine work tasks. She further argues that the ALJ should have qualified her ability to do chores. Plaintiff testified that she spends her days watching TV

---

[3]Celexa is an anti-depressant. (2004 WL 2459675.)

and reading the paper. (Tr. 92, 94, 272.) However, the ability to read, watch television and drive are indicia that her pain does not interfere with her ability to concentrate. *Johnston v. Shalala*, 42 F.3d 448, 451 (8th Cir. 1994). Although daily activities alone do not disprove disability, they are a factor to consider in evaluating subjective complaints of pain. *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir. 1996).

     The medical evidence supports the ALJ's finding that Plaintiff was not precluded from performing her past light work despite the combined effect of all her impairments. The ALJ properly noted (Tr. 22) that Dr. James O. Pennington's December 2001 conclusory opinion that Plaintiff was totally disabled due to "severe diabetes mellitus and crippling arthritis" (Tr. 141) was entitled to no more than minimal weight because it was inconsistent with that physicians's own clinical findings and the record as a whole. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) (ALJ may reject the opinion of any medical expert where it is inconsistent with the medical record as a whole); *Holstrom v. Massanari*, 270 F.3d 715, 720 (8th Cir. 2001) (ALJ may discount treating physician's opinion if physician has offered inconsistent opinions). Further, the doctor wrote that opinion at the request of Plaintiff to support her Social Security claim, which is another reason for not according it controlling weight.

     Plaintiff testified that she had problems with her adult onset diabetes while working because she would forget to eat. (Tr. 263.) Plaintiff admitted to a treating physician in May 2002 that her blood sugar levels were "doing quite good" using Avandia, Glyburide and Glucovance as ordered. (Tr. 219.) Again, conditions that are controlled with medication are not disabling.

     Plaintiff had a small fracture in the cuboid of her right foot (Tr. 212), but this did not result in lasting restrictions of function, and the ALJ properly determined that Plaintiff's foot

condition would not prevent her from performing her past work for the required 12 continuous months.  Although Danny Aquilar, DPM, commented August 23, 2002, that Plaintiff should seek a job that would allow her to sit most of the time (Tr. 201), Plaintiff went camping on August 23, 2002 (Tr. 168).  By September 18, 2002, Dr. Allison noted she was wearing a boot walker, ambulated smoothly, and had no significant swelling or contusions.  (Tr. 211.)  On October 15, 2002, Dr. Allison found no tenderness over the cuboid bone, and no swelling or ecchymosis.[4]  Plaintiff was told that she no longer needed a cast boot, and was instructed to start wearing a firm shoe and do weight bearing exercises as tolerated.  (Tr. 210.)

The ALJ was correct in his disbelief of Plaintiff's assertion that she was required to elevate her feet during most of the work day.  Plaintiff cites no credible evidence to support her assertion that she was required to elevate her feet.  She can not satisfy her initial burden of proving a medically determinable restriction exists by merely citing to a diagnosis or a restatement of her subjective complaints.  *Marolf v. Sullivan*, 981 F.2d 976, 978 (8th Cir. 1992) (proof of a disabling impairment must be supported by at least some medical evidence).  The vocational expert (VE) testified that if a hypothetical claimant with Plaintiff's impairments had to elevate her foot thirty minutes after being on her feet for thirty minutes that there would be no jobs this hypothetical claimant could do at all.  (Tr. 287.) However, the VE clarified her statement, saying "let me back track a little bit," then saying the teacher's aide job would allow her that option.  (Tr. 284.)  Since the allegation of the requirement to elevate her feet was properly found unsupported by the record as a whole, the ALJ was not bound by the VE's responses to hypothetical questions which assumed

---

[4]Ecchymosis.  A purplish patch caused by extravasation of blood into the skin. (PDR Medical Dictionary, 1995).

these restrictions exist. *Hunt v. Massanari*, 250 F.3d 622, 625 (8th Cir. 2001) (ALJ may exclude response to hypothetical that includes any alleged impairments that he has rejected as untrue or unsubstantiated).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *E.g., Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. *Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

IT IS THEREFORE ORDERED that the final decision of the Commissioner is AFFIRMED and Plaintiff's complaint is DISMISSED with prejudice. Any pending motions are denied.

DATED this 22nd day of September, 2005

_____
UNITED STATES MAGISTRATE JUDGE